UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN L. STONE**,                                   Case No. 4:10 CV 0276

        Petitioner,                              Judge Donald C. Nugent

   vs.                                               REPORT AND RECOMMENDATION

**MAGGIE BEIGHTLER**,

        Respondent.                             Magistrate Judge James R. Knepp II

## Introduction

Petitioner John Stone is a state prisoner serving thirteen years for voluntary manslaughter with firearm specification.  Petitioner was indicted on one count of murder with a firearm specification.  He negotiated a reduction to voluntary manslaughter and pleaded guilty on January 9, 2006 to the amended charge.  Petitioner now seeks to overturn his sentence using habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed a Return of Writ (Doc. 7), and Petitioner responded with a Traverse to the Return of Writ (Doc. 8).     The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a).  This case was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2).  For the reasons stated below, the undersigned recommends the Petition be denied.

## Background

Petitioner was sentenced on April 13, 2006 in the Mahoning County, Ohio Court of Common Pleas in accord with the post-plea February 27, 2006 decision of *State v. Foster*, 109 Ohio St. 3d 1 (2006).  *Foster* re-evaluated the state's sentencing system in light of the holdings of the United States Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), *Blakely v. Washington,*

542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  *Foster* determined that the

post-conviction  judicial fact-finding process required by several state statutes violated the Sixth

Amendment right of jury trial and in one of its holdings, removed Ohio Revised Code §

2929.14(B)'s presumption favoring a minimum term for offenders who had not served time in prison

unless a finding was made that "the shortest prison term w[ould] demean the seriousness of the

offender's conduct or w[ould] not adequately protect the public from future crime by the offender

or others." *Foster*, 109 Ohio St. 3d at 17-20.  Although he pleaded guilty before *Foster* was decided,

Petitioner was sentenced after *Foster* to the maximum statutory penalty for voluntary manslaughter.

*See State v Stone,* 2008 WL 5104773 (Ohio App. 2008), *motion denied,* 121 Ohio St. 3d 1411 (Table

2009).  He appealed, arguing:

- the retroactive application of *Foster* violated the Ex Post Facto and Due Process clauses of the U.S. Constitution;
- trial counsel was ineffective under the Sixth and Fourteenth Amendments for failing to object to the sentence based on the remedy set out in *Foster*; and
- the trial court committed plain error and denied due process under the Fifth and Fourteenth Amendments by retroactive application of *Foster*.

*Id.*

## The Instant Petition

Petitioner has exhausted his state remedies with the two grounds his Petition presents:

**Ground One:** The remedy that the Ohio Supreme Court set forth in *State v. Foster*, 109 Ohio St. 3d 1 (2006) violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

**Ground Two:** Petitioner was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution, when counsel failed to object to the trial court's illegal sentence.

## State Decision

On habeas review the district court must look to the last reasoned state court decision

addressing the argument raised in the ground. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

Here, the state appellate court held:

> {¶ 7} . . . [Petitioner] contends that since his crimes were committed before the Ohio Supreme Court's decision in *Foster*, application of the *Foster* decision to his sentencing violates the Ex Post Facto Clause of the United States Constitution and violates his right to due process of law.

> {¶ 8} This court has conclusively determined in *State v. Palmer*, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, that application of *Foster* does not violate the Ex Post Facto Clause or a defendant's due process rights. *Palmer* relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily twofold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. *Palmer* at ¶ 62, 68-69, 74. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before *Foster* is the same as they face after *Foster. Palmer* at ¶ 63-67, 70-71.

> * * * *

> {¶ 12} To prove an allegation of ineffective assistance of counsel, Stone must satisfy a two-prong test. First, Stone must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, Stone must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, Stone must prove that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at paragraph three of the syllabus.

> {¶ 13} Here, the record does not support the first prong of the test for ineffective assistance of counsel. Stone cannot demonstrate that his counsel's performance fell below an objective standard of reasonable representation. As indicated in the first assignment of error, this court has previously determined that *Foster* does not violate the Ex Post Facto or Due Process Clauses. We cannot conclude that counsel's performance was deficient because he failed to raise a meritless argument. Thus, Stone's second assignment of error is also meritless.

*State v. Stone,* 2008 WL 5104773 at ¶¶ 6-13.

3

## Ground One

In Ground One, Petitioner objects to the trial court's failure to apply state sentencing statutes in Petitioner's sentence to the maximum allowable penalty.  This failure was mandated by *Foster*, and so Petitioner's real objection is with the retroactive application of that opinion to his sentencing.

Voluntary manslaughter is a felony of the first degree punishable by a prison term of three to ten years.  *See* Ohio Rev. Code § 2929.14(A)(1).  The trial court sentenced Petitioner to ten years for voluntary manslaughter and three years based on the firearm specification admission.  These sentences were within the applicable statutory ranges.  However, Petitioner objects to the Ohio Supreme Court's decision in *Foster* to sever portions of the state sentencing statutes deemed to violate the federal Constitution.  Petitioner, who pleaded guilty before *Foster* but was sentenced afterward, argues the remedy created in *Foster* violates the Ex Post Facto and Due Process clauses.

In the state courts, Petitioner argued the *Foster* remedy was unconstitutional in light of *Bouie v. City of Columbia,* 378 U.S. 347 (1963); *Weaver v. Graham,* 450 U.S. 24 (1981);  *Miller v. Florida*, 482 U.S. 423 (1987); and *Booker*.  (*See* Ex. 7, Doc. 7-1 at 26-42).  Petitioner maintains the Ohio Supreme Court's remedy to conform Ohio's sentencing system with the Sixth Amendment right to trial by jury is itself an unconstitutional deprivation of federal due process.

*Standard of Review*

Ground One raises legal issues, not factual ones, and the focus is therefore  not on whether the state court decision "was based on an unreasonable determination of the facts," for purposes of 28 U.S.C. § 2254(d)(2).  However, Congressionally circumscribed rules set out in § 2254(d)(1) which allow the writ to be granted where the state appellate court decision is "contrary to" or "an unreasonable application" of "clearly established" federal law.  There is a disjunct between:

1. the issue addressed in the state decision – trial court error in imposing the maximum sentence; and
2. the error raised in Ground One – the remedy created in *Foster* violates the Ex Post Facto and Due Process clauses.

The latter argument was not explored in the state decision.  Accordingly, federal habeas review is *de novo. See Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (*de novo* review applies when the state court decision fails to address the federal claim); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (*de novo* review on missing aspects of incomplete state court decision).

 *De Novo Review of Ground One*

Petitioner acknowledges in his traverse that the Sixth Circuit in *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010), held that resentencing under *Foster* did not raise ex post facto or due process concerns in the facts of that case.  *Hooks* was based on the rationale from *Rogers v. Tennessee,* 532 U.S. 451 (2001), a progeny of *Bouie v. City of Columbia*, 378 U.S. 347, 352 (1964). To the extent that Petitioner's arguments are based on *Rogers* and *Bouie*, they are foreclosed by the decision in *Hooks*. However, *Hooks* did not address the "broader question" of whether *Foster* can ever cause an ex post facto or due process violation, and is limited to the  arguments presented. *Id*. at 321. Accordingly, Petitioner's remaining arguments are not foreclosed and will be addressed.

The United States Constitution provides that no state shall pass ex post facto laws. U.S. Const. art. I, § 10, cl. 1. The Ex Post Facto Clause forbids Congress from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *U.S. v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events

occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* (quoting *Weaver*, 450 U.S. at 29; *see also Kellogg v. Shoemaker*, 46 F.3d 503, 509 (6th Cir. 1995). No ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." *Id.* (quoting *Miller v. Florida*, 482 U.S. 423, 430 (1987) (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977))). "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." *Id.* (quoting *Dobbert*, 432 U.S. at 293); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n.28 (1994). On the other hand, a change in the law that alters a substantial right can be ex post facto "even if the statute takes a seemingly procedural form." *Ristovski*, 310 F.3d at 210-11.

Although the ex post facto prohibition in the federal Constitution applies exclusively to legislation, the Supreme Court has held that state supreme courts are barred by the Due Process Clause from violating ex post facto principles through judicial remedies. *See Rogers*, 532 U.S. at 456-57.

Petitioner's argument centers on the sentencing court's application of *Foster*, 109 Ohio St. 3d 1. *Foster* struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding. The court severed the two unconstitutional enhancements – Revised Code §§ 2929.19(B)(2) and 2929.14(E)(4) – related to consecutive sentences in Ohio's sentencing guidelines. *Foster*, 109 Ohio St. 3d at 29-30. The court then held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 30. Petitioner argues the state court, by following *Foster*, inflicted greater punishment than that permitted when he committed the crime and

6

entered his guilty pleas.

Petitioner argues *Foster* altered his substantial rights, and therefore violates ex post facto prohibitions.  He contends this is so because the trial judge is no longer required to make findings before imposing a greater than minimum sentence. This is not the case. Petitioner's criminal conduct was prohibited by Ohio statutes long before *Foster,* and those same statutes provided him notice of the sentence he could receive. *Foster* did not enlarge the penalty, but instead conformed Ohio's sentencing practices with *Blakely*.  542 U.S. 296 (holding that in the context of mandatory state law sentencing guidelines, state court judges are prohibited from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant); *see also Arias v. Hudson*, 589 F.3d 315 (2009) (recognizing *Foster* correctly determined Ohio's sentencing scheme violated *Blakely*). A statutory minimum sentence is just that – the *minimum* possible sentence for a crime; not *the* sentence for a crime.

When Petitioner committed the crime at issue, he had fair notice he could be sentenced to more than the statutory minimum. "The Sixth Amendment jury trial right simply ensures that the defendant will never get *more* punishment than he bargained for when he did the crime; it does not promise that he will receive anything less than that." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (internal quotations omitted). The "ex post facto challenge fails because there has been no increase in potential punishment." *State v. Elmore*, 122 Ohio St. 3d 472, 477 (2009) (rejecting an ex post facto challenge to the applicability of *Foster* on re-sentencing).  The judicial action taken at Petitioner's sentencing did not change the prescribed penalties. "The crime for which the present defendant was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt, all remained unaffected by the subsequent statute," or in this case,

7

the judicial decision to ignore the restraints of the sentencing statute's presumption. *See Dobbert,* 432 U.S. at 294 (internal quotation omitted).   Petitioner cannot demonstrate lack of fair notice of the punishment he was to receive, and as a result cannot establish a denial of due process.

Petitioner fails to demonstrate the retroactive application of the remedy set forth in *Foster* violates the Ex Post Facto Clause. Petitioner did not receive a sentence greater than that allowed under the laws of Ohio at the time he committed his crime, and *Foster* therefore did not alter Petitioner's substantial rights.

Petitioner claims *Foster* permitted the trial court to impose a greater penalty than before. Petitioner's argument amounts to mere speculation that he would have received a sentence of less than ten years.  "Conjectural effects are insufficient" to demonstrate a potential increase in the penalty.  *California Dep't of Corr. v. Morales,* 514 U.S. 499, 509-510 (1995) (citing *Dobbert*, 432 U.S. at 294 (refusing to accept "speculation" that the effective punishment under a new statutory scheme would be "more onerous" than under the old one)).

Finally, Petitioner contends *Foster* went too far by removing the restraints on judicial discretion and so was a misconstruction of *Booker*.  In *Booker*, the Supreme Court remedied the infringement of Sixth Amendment right to trial by jury by striking only 18 U.S.C. § 3553(b)(1), which reduced the status of the United States Sentencing Guidelines from mandatory to advisory, and § 3742(e), which required *de novo* review of guideline departures.  *Booker*, 543 U.S. at 249-59. These small measures were found sufficient to achieve the dual goals of constitutionality, to "refrain from invalidating more of the statute than is necessary", and to retain the Congressional objective of sentencing consistency.  *Id*. at 258.   These small measures nonetheless "changed federal sentencing from a narrow, mechanical process to one where the district court has a great deal of

discretion." *Villagarcia v. Warden*, 599 F.3d 529, 537 n.7 (6th Cir. 2010).

Petitioner argues the Ohio Supreme Court also could have made the presumption favoring minimum sentences an advisory consideration.  He further contends the court failed to consider that the majority of the federal sentencing statutes were left intact in order to assure the intent of the statute be preserved.  *Foster* severed the determinate presumptive  aspects of the state system by using *Booker*  as a "blueprint for this remedy by converting the guidelines from mandatary to advisory through severance of the offending portions," and *Booker*'s application in state supreme court decisions from Indiana and New Jersey.  109 Ohio St. 3d at 27 and n.97, 98.  The Sixth Circuit has found that in the abstract, the Ohio Supreme Court's remedy in *Foster* is consistent with Constitutional demands.  *See Villagarcia*, 599 F.3d at 537.  Notably, "[t]he non-severed provisions of Ohio's sentencing statutes [Revised Code §§ 2929.11(A), 2929.11(B), and 2929.12(A)] outline a number of considerations for judges to evaluate when sentencing defendants." *Id.* at 538.

Petitioner presents his argument in the abstract and points to nothing specific showing the trial court's considerations were inadequate under the non-severed portions of the sentencing statues.  *See id.* at 537-39 (rejecting argument that error was harmless based on speculation trial court would impose the same sentence after *Foster*).  Accordingly, the remedy fashioned in *Foster* did not violate the Ex Post Facto or Due Process clauses.

**Ground Two**

On appeal Petitioner argued trial counsel was ineffective for failing to argue against retroactive application of *Foster* at either the sentencing hearing or objecting to the trial court's judgment entry.  (Ex. 7, Doc. 7-1 at 39-40).  From Petitioner's brief it is evident that his argument

is the same, despite the less specific reference to his "illegal sentence." (*See* Doc. 1 at 18).  Petitioner now concedes in his traverse that the Sixth Circuit in *Henley v. Brunsman*, 2010 WL 2181804 (6th Cir.), held that failure to raise the instant issue was not ineffective assistance of counsel.  (Doc. 8 at 4-5).  Nonetheless, Petitioner requests *de novo* review of the record.

Petitioner is not entitled to *de novo* review of his second ground.  Federal habeas corpus is "an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 592 U.S. 339, 354 (1994)).  The state decision was based on the appropriate federal standard for measuring counsel's effectiveness under the Sixth Amendment:  *Strickland v. Washington*, 466 U.S. 668 (1984).  *See State v. Stone,* 2008 WL 5104773, at ¶¶ 12-13.  When the state court decision identifies the correct legal principle from the Supreme Court's decisions, the petitioner's burden under 28 U.S.C. § 2254(d)(1) is to establish the trial court "unreasonabl[y] appli[ed]" clearly established law.  *See Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (citing *Williams v. Taylor*, 529 U.S. 362, 407, 412-13 (2000).

The state appellate court considered *Strickland*'s two-prong test that first, counsel's performance must be deficient, so that counsel was not functioning as the "counsel guaranteed the defendant by the Sixth Amendment," and second that counsel's "deficient performance prejudiced the defense;" so that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 686. The state appellate court found that counsel's performance was not deficient, and Petitioner has conceded that point.  (Doc. 8 at 4-5).  Petitioner has not attempted to show that the state appellate court's decision was an "unreasonable application" of *Strickland*, much less that the state decision was "contrary to" its dictates.  Therefore Petitioner cannot succeed on Ground Two.

**Conclusion and Recommendation**

Following review of the petition and applicable law, both Grounds One and Two fail for the reasons stated above.  Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence, and there has been no demonstrated need for an evidentiary hearing.  The undersigned recommends the Petition be denied and dismissed in its entirety.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

11